

# IN THE
# TENTH COURT OF APPEALS

### No. 10-17-00394-CR

**BRODNIEY CHARLES RAY,**

                                        **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                        **Appellee**

### From the 85th District Court
### Brazos County, Texas
### Trial Court No. 16-01478-CRF-85

## CONCURRING OPINION

On the day of and shortly after the events for which Ray was on trial, one of the investigating officers was flagged down by a citizen. The citizen reported the abandonment of a handgun by three young men. The officer located the three young men, and the handgun. The officer did some additional investigation to see if there was potentially a connection between the three young men and the robbery of the insurance company. Although the officer initially discovered some evidence which caused him to think the young men and the handgun could be related to the offense, he ultimately

determined that because the handgun was actually a BB pistol, and not a 9MM as used in the robbery, that the two events were unrelated. The State did not produce the officer's report about the three young men and the BB pistol as part of the Texas Code of Criminal Procedure article 39.14(h) discovery in this proceeding until the third day of trial.

Counsel contended that because this was evidence about three potentially alternate perpetrators of the crime, it was exculpatory evidence which the State was required to disclose "as soon as practicable upon receiving a timely request" and the State had failed to disclose this evidence until well into the trial. As a result of the timing of the production, trial counsel objected and moved for a mistrial. The objection was noted, and the mistrial was denied.[1]

Trial counsel put a lot of emphasis on the fact that immediately upon being appointed in the case, when he made his appearance, he also requested discovery in compliance with article 39.14. Article 39.14(h) requires the State to "disclose to the defendant any exculpatory, impeachment, or mitigating document, item, or information in the possession, custody, or control of the State that tends to negate the guilt of the defendant or would tend to reduce the punishment for the offense charged." TEX. CODE CRIM. PROC. ANN. art. 39.14(h) (West 2018).

---

[1] It was never made clear what the "objection" was. The State did not offer the report or anything about it into evidence. Thus, although the word "objection" was used, without more, it adds nothing to the complaint, which in this case is actually about the denial of the motion for mistrial. In this instance, the objection may have been a complaint about the failure to produce *Brady* material leading to a due process violation. *See Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963). But a complaint to which no requested relief is attached does not preserve anything for review. Counsel did, however, move for a mistrial based on a *Brady* violation as well as a violation of article 39.14.

Trial counsel argued that production of such evidence was required "as soon as practicable," but there is no specific time period or deadline specified in subsection (h) of the statute. Moreover, unlike under subsection (a), a "request" by the defendant is not required to trigger the State's duty to disclose the information under article 39.14(h). Disclosure by the State of this type information is mandatory. Finally, I note that although *Brady v. Maryland* requires the production of "material" exculpatory evidence, there is no materiality requirement in article 39.14(h). *See Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963). The State legislature was trying to cure a problem, and artificially imposing a materiality requirement would effectively gut its effort in this provision. Likewise, waiting to produce this type evidence during trial does not satisfy the legislative purpose for the amendments.[2]

Based on this record and legal analysis, I would hold that, in this instance, the State failed to timely produce potentially exculpatory evidence as required by article 39.14(h) and move on to the question of whether the trial court erred in its denial of the motion for mistrial.

Applying the usual standards for preservation, I would hold that the issue was preserved because the defendant obtained an adverse ruling from the trial court for the relief requested. *See* TEX. R. APP. P. 33.1; *Ramirez v. State*, 815 S.W.2d 636, 643 (Tex. Crim. App. 1991). Rather than hold that a motion for continuance is required to preserve error,

---

[2] While I have not studied every United States Supreme Court case in the *Brady v. Maryland* line of cases, I believe it is safe to say that full and timely compliance with article 39.14(h) will also be full compliance with *Brady*. However, compliance with only the minimal requirements of *Brady* will clearly not meet the more expansive requirements of article 39.14(h).

I would weigh into the harm analysis whether a continuance would likely have mitigated the harm, if any. The request for a continuance requires certain procedural requirements that are simply not present in a motion for mistrial. *See e.g.* TEX. CODE CRIM. PROC. ANN. art. 29.03 (West 2006) (criminal action may be continued on written motion); TEX. CODE CRIM. PROC. ANN. art. 29.08 (West 2006) (all motions for continuance must be sworn to). A defendant should not be required to seek a continuance as a prerequisite for preservation of error in failing to grant a mistrial when the State has failed to comply with statutorily required discovery. Denial of a motion for continuance is a separate potential error, and should not also be a required procedural step to complain about the denial of a motion for mistrial in this type situation.

Under the traditional method of evaluating error for the failure to grant a mistrial, *see Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004) (refusal to grant mistrial is reviewed for an abuse of discretion); *but see Garcia v. State*, No. 10-12-00202-CR, 2013 Tex. App. LEXIS 8572, at *3 (Tex. App.—Waco July 11, 2013, pet. ref'd) (not designated for publication) ("Because the Court of Criminal Appeals has not adopted the *Mosley/ Hawkins* factors in evaluating the denial of a motion for mistrial pursuant to any reason other than improper argument, such as an improper question put forward by the State, we do not use those factors in our review…"), I would look to whether the defendant was surprised by the late disclosure and the extent to which the State could mitigate the harmful effects of its late disclosure, if any, by offering to agree to a continuance. I would also weigh, as the trial court should, other actions the State could take to avoid prejudicing the defendant due to the State's failure to timely disclose the article 39.14(h)

evidence. In effect, while I agree that a continuance may help mitigate the State's failure to disclose, it should not be the defendant's burden to properly request a continuance and thus convert the issue from a failure to grant a mistrial to a failure to grant a continuance.[3]

Applying the traditional method of evaluating whether error occurred in refusing to grant a mistrial, modified as described above for the nature of the specific complaint, I would hold in this case that the trial court did not err in refusing to grant a mistrial.

Accordingly, I concur in the judgment of the Court to the extent it affirms the trial court's judgment.

TOM GRAY
Chief Justice

Concurring opinion delivered and filed October 10, 2018



---

[3] Until the issue of whether a formal motion for continuance is necessary to preserve an issue regarding whether the State failed to comply with disclosure under article 39.14, the careful attorney will first object to the State's effort to use evidence not disclosed pursuant to a proper article 39.14(a) request or move for a mistrial for failure to produce exculpatory evidence as required by article 39.14(h), AND under either scenario should also take the appropriate procedural steps to move for a continuance necessary to address the evidence that has been withheld from discovery by the State. And, to enhance the appellate court's ability to understand the harmful effects of the State's delayed disclosure, the defendant should spread upon the record how timely and proper disclosure could have impacted plea and trial strategy.